RUIZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* G. LLINÁS & CO., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Ejectment.

No. 2471.—Decided·July 18, 1922.

EJECTMENT — PLEADING — RESTITUTION — COMMON PROPERTY. — A complaint in ejectment based on the nullity of a forced sale is insufficient when it shows that the sale was void only as to some of the plaintiff co-owners and does not specify the share of each one of them so that the court may decree restitution of their shares, or of their value, to the co-owners who have a right to recover.

ID.—ID.—ID.—THIRD PERSON—PARTIES.—When the property sought to be recovered has passed into the possession of a third person, he should be made a party to the action and it should be alleged in the complaint whether or not the property can be recovered from the said third person, in order that, if it can not be so recovered, the subsidiary obligation to pay its value may attach to the person charged with restitution of the property.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellants.

*Messrs. López de Tord* and *Zayas Pizarro* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In her own right and in the names of her minor children

Juana Ruiz Agostini brought an action against the firm of G. Llinás & Co. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action and the court sustained the demurrer, granting leave to the plaintiffs to amend the complaint. The plaintiffs waived their privilege to amend and moved for judgment, whereupon the court rendered judgment dismissing the complaint for the lack of a cause of action. From that judgment the plaintiffs raised this appeal.

The action is called an action of revendication and the complaint sets up the following allegations:

''As a first cause of action:—1. That the plaintiffs named Agostini y Ruiz are unemancipated minors, except María Trinidad who is a minor emancipated by marriage represented by her said mother, Juana Ruiz Agostini, who has *patria potestas* over the other plaintiffs named Agostini, all being legitimate children of the said Juana Ruiz Agostini and her deceased husband, Gerónimo Agostini.—Plaintiff Juana Ruiz Agostini is of lawful age. — 2. That the defendant is a mercantile partnership of Yauco, P. R., organized under the Code of Commerce of Porto Rico.—3. That on July 12th G. Llinás & Company brought an action against the plaintiffs herein to recover the sum of $1,229.94, together with interest, costs, disbursements and attorney fees.—4. That on July 23, 1917, Jacinto Román delivered to Juana Ruiz Agostini in Yauco copies of the complaint and summons, but neither he nor any other person summoned personally or in any manner the other defendants in the said action, the minors Pedro, Aquilino, María Trinidad, Ramona, Gerónimo, Angela, María Magdalena, María Elena and Juana Josefa Agostini.—5. That at the instance of the plaintiff firm the default of Juana Ruiz Agostini and Pedro Aquiles, María Trinidad, Ramona, Gerónimo, Angel, María Magdalena, María Elena and Juana Josefa Agostini y Ruiz was noted on August 30, 1917, and on September 6 the clerk entered judgment against Juana Ruiz Agostini, Pedro, Aquilino, known as Aquiles, María Trinidad, Ramona, Gerónimo, Angela, María Magdalena, María Elena and Juana Josefa Agostini y Ruiz, and on October 29, 1917, a writ of execution was issued against Juana Ruiz Agostini individually and as mother with *patria potestas* over her minor children Pedro Agostini y Ruiz and others for the sum of $1,224.94, and, without pre-

vious attachment and in compliance with the said writ of execution, on November 23 the marshal of this court sold to G. Llinás & Company for the sum of $600, which was not paid in cash, but credited to the judgment debtor, the following property of the value of $10,000: Farm property of 170 acres, equivalent to 66 hectares, 81 ares and 66 centiares, of coffee land in the ward of Rubias of the municipality of Yauco, bounded on the north by lands of Tomás Garrosi and of José Agostini López; on the east by lands of the heirs of Antonio Giovanetti and Natalio Pietri & Co.; on the south by property of Natalio Pietri & Co., and the heirs of Castañer and on the west by property of the heirs of Castañer and of Tomás Garrosi. This property contains a frame dwelling house roofed with zinc, another building for coffee machinery and five cottages for laborers.

"As a second cause of action.—6. That upon being summoned in the action referred to in the first cause of action, Juana Ruiz Agostini, went to the office of the firm of G. Llinás & Co. in Yauco and was told by one of the partners, Antonio Oliver, that the action was a mere formality in order to secure the account of the plaintiffs; that she need not make any defense; that the purpose of the plaintiffs was to purchase the property under execution, manage it for four years in order to collect their account from the proceeds of the crops and then return it to the defendants, the widow and heirs of Gerónimo Agostini and plaintiffs in this action.—7. That Juana Ruiz Agostini accepted this arrangement in good faith and entered no appearance in the action of debt referred to in the first cause of action, consenting to a default judgment therein and the sale of the property.—8. That in pursuance of the said arrangement and by a written order of defendants G. Llinás & Co., the widow of Agostini delivered the property described in the first cause of action to Francisco Román on September 18, 1917, although it had not been sold, and G. Llinás & Company have been in possession of it and received its products since that time.—9. That after the said firm had been in possession of the property for about two years, Jaime Castañer, a partner of G. Llinás & Company, called at the house of Juana Ruiz Agostini and told her that the products of the property had not been sufficient to cover the credit of the said firm and proposed to her to sell the property, pay the balance of the debt with a part of the price and purchase with the remainder a property for the heirs of Gerónimo Agostini, executing a deed in their favor and putting them in possession.—10. That Juana

Ruiz Agostini accepted this new proposition with the understanding that the property would be sold for at least $10,000, which was and still is a fair and reasonable price therefor.—11. That G. Llinás & Co. sold the said property to Anton Julio Mattei, without the knowledge or consent of the plaintiffs, for the sum of $6,500, according to information and belief, and placed the vendee in possession, delivering to Juana Ruiz another property which G. Llinás & Company valued at $4,000, but which is worth only $2,000, without the execution of a deed.—12. That G. Llinás & Company rendered no account of the rents and products of the property belonging to the heirs of Gerónimo Agostini of which they took possession for the purpose of applying its products to the payment of the debt of $1,200, either to Juana Ruiz Agostini or to any of the heirs, nor of the price at which the property was sold.—By virtue of all that has been stated, we pray the court: 1st. To set aside the default judgment entered in the said case and the sale of the property described in the complaint in consequence of the said judgment. 2. To adjudge that the defendants restore the said property to the plaintiffs, or in default thereof to pay them the sum of $10,000 which was its value.—3. To adjudge that the said defendants pay the plaintiffs for the profits obtained, or that might have been obtained, from the said property from September 18, 1917, rendering an exact, itemized and verified account thereof.— 4. To impose upon the defendants the payment of the costs, disbursements and attorney fees.''

The only error assigned by the appellants is that of having sustained the demurrer that the complaint did not state facts sufficient to constitute a cause of action and rendered judgment against the plaintiffs.

From its title, allegations and prayer, the complaint clearly sets up an action of revendication, because it is based on the allegation that in the action brought by G. Llinás & Co. which originated the forced sale of the property the minor children of Juana Ruiz were not summoned, and prays for the restitution of the property or the payment of its value.

According to section 93 of the Code of Civil Procedure, defendants must be summoned personally and when a de-

fendant is under fourteen years, residing within the Island, his father, mother or guardian must also be summoned; and, according to section 49, when the person to be summoned resides out of the Island or conceals himself, service shall be made by publication. Inasmuch as in the complaint it is alleged that the said minors were not summoned in any manner, which means that they were not summoned personally nor by publication, it follows that in the action brought by G. Llinás & Co. the court acquired no jurisdiction over the said minors, but did acquire jurisdiction of their mother, Juana Ruiz Agostini, because she was personally summoned; therefore, the said action and the sale of the property are null and void as to the said minors.

But the complaint does not contain all of the allegations necessary in order to establish the rights of the minor plaintiffs and relieve them accordingly, for it is alleged only that the property belongs to the plaintiffs, that is, the mother and the minor children, and no defect is alleged as regards Juana Ruiz Agostini, the mother; therefore, though the sale was void as to her children, as they are not the sole owners of the property the whole of it can not be restored to them, and the complaint should have specified the shares corresponding to the said minors in the property in order that a judgment could be rendered for the restitution to the minors of their respective shares. On this point the complaint is insufficient.

It is also insufficient because it shows that the property was sold by G. Llinás & Company to Antón Julio Mattei and the latter was not made a party to the action so that he might be required to restore the shares of the minors, nor is it alleged that he is a third person from whom the property can not be recovered in order that the defendants may be charged with the subsidiary obligation to pay its value, together with the profits and interest, imposed by section 1274 of the Civil Code on a person who, being under the obliga-

tion to restore a property because of a declaration of nullity, can not do so because the property has been lost.

It is alleged in the second cause of action that Juana Ruiz entered no appearance in the action because of the promise made to her by one of the partners of G. Llinás & Company that they would not retain the property, but merely manage it until its profits had covered their credit and then restore it to the plaintiffs; that some years later, upon being told by another of the partners that the property was not yielding sufficient for that purpose, she consented to the sale of the property by them in order to collect the amount of their credit and pay the balance to her; that they actually delivered to her a property as having a value of $4,000 when it was worth only $2,000, and that they sold the plaintiff's property for $6,500 when she understood that it would he sold for $10,000, which was its fair value; but from these allegations Juana Ruiz was not shown to have a cause of action of revendication.

The judgment appealed from must be affirmed as to plaintiff Juana Ruiz Agostini and reversed as to the minor plaintiffs, who will be allowed a certain time within which to amend the complaint.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.